GAYANE A. YEPREMYAN, PLAINTIFF IN PRO SE
555 W DRYDEN APT 8
GLENDALE, CA 91202
YEPREMYAN@YAHOO.COM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAYANE A. YEPREMYAN, an individual,<br>**Plaintiff**,<br>vs.<br>CITIBANK<br>CHASE BANK USA<br>HSBC BANK<br>MACYS CORPORATE SERVICES, INC.<br>NORDSTROM, INC.<br>US BANK<br>WELLS FARGO BANK<br>**Defendants**. | CASE No.: CV12-725-SVW(JEMx)<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT;<br>2) VIOLATIONS OF CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT;<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff GAYANE A. YEPREMYAN (hereinafter "Plaintiff") on behalf of herself brings her Complaint against the above identified Defendants for violations of Federal and State consumer protection laws, specifically the Fair Credit Reporting Act [15 U.S.C. §1681 et seq.] ("FCRA") and California's Consumer Credit Reporting Agencies Act [California Civil Code §1785.2 et seq.] ("CCRAA"), and alleges as follows:

### PRELIMINARY STATEMENT

1. Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial

COMPLAINT FOR DAMAGES- 1

information and to ensure the "[a]ccuracy and fairness of credit reporting." FCRA provides several protections for consumers, including but not limited to the right to be notified of any negative/unfavorable information reported in their name and the right to dispute inaccurate, outdated and/or incomplete information on their credit file.

2.  FCRA regulates credit reporting agencies as well as creditors, collection agencies and other parties who provide information to credit reporting agencies and/or obtain and use the consumer credit reports. FCRA Section 623, 15 U.S.C. §1681s-2, imposes obligations on furnishers of information, including the duty to report accurate information, correct and update erroneous information, and provide certain notices to consumers with respect to their reporting.

3.  FCRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o, create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In DiMezza v. First USA Bank, Inc., supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

4.  CCRAA was implemented to protect the credit information of California consumers. CCRAA also

regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code §1785.25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

5. CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19 and §1785.31.

6. *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may replead their FCRA claims as violations of the CCRAA and that the state claims are not preempted by FCRA. In further support, courts have uniformly rejected creditors' and consumer reporting agencies' arguments that the FCRA bars state law claims. See Sehl v. Safari Motor Coaches, Inc., 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001)(for detailed discussion); Harper v. TRW, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); Rule v. Ford Receivables, 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999); Watkins v. Trans Union, 118 F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000); Swecker v. Trans Union, 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998); Saia v. Universal Card Svc., 2000 U.S.Dist.Lexis 9494, 2000

COMPLAINT FOR DAMAGES- 3

Westlaw 863979 (U.S.D.C. E.D. La. 2000); Sherron v. Private Issue by Discover, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss. 1997); Hughes v. Fidelity Bank, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989).

## I. JURISDICTION AND VENUE

7. Jurisdiction of this Court arises under 15 U.S.C. §1681p, California Civil Code §1785.33, and 28 U.S.C. §1337.

8. Supplemental jurisdiction rests upon 28 U.S.C. §1367.

9. Venue is proper in this United States District Court, Central District of California because Defendants' violations alleged below occurred in the County of Los Angeles, State of California and within this District.

## II. PRIVATE RIGHT OF REMEDY

10. 15 U.S.C. §1681n and §1681o refer to consumers' ability to bring civil liability action against users/furnishers of information for willful and negligent noncompliance respectively, with regards to any provision of the FCRA.

11. *Gorman v. MBNA America Bank, N.A., No. 06-17226* further established that consumers are entitled to a Private Remedy against Furnishers for noncompliance with their obligations enforced under FCRA §1681s-2(b).

12. California Civil Code §1785.15(f) states that consumers "have a right to bring civil action against anyone […], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report.

13. California Civil Code §1785.31(a) states that Plaintiff as

"any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

### III. THE PARTIES

14. Plaintiff YEPREMYAN is a natural person, an individual residing in Los Angeles County, State of California.
15. Plaintiff is a consumer as defined in 15 U.S.C. §1681a (c) and California Civil Code §1785.3(b).
16. Defendant CITIBANK (hereinafter "CITI") is a Delaware Corporation.
17. Defendant CHASE BANK USA (hereinafter "CHASE") is a New York Corporation.
18. Defendant HSBC BANK USA (hereinafter "HSBC") is a United States Corporation.
19. Defendant MACYS CORPORATE SERVICES, INC. (hereinafter "MACYS") is a Delaware Corporation.
20. Defendant NORDSTROM, INC. (hereinafter "NORDSTROM") is a Washington Corporation.
21. Defendant US BANK (hereinafter "USBANK") is a Minnesota Corporation.
22. Defendant WELLS FARGO BANK (hereinafter "WFB") is a California Corporation.
23. Defendants and each one of them regularly conducts business in the State of California.
24. Defendants and each one of them is a "furnisher of information," as referenced in 15 U.S.C. §1681s-2.
25. Defendants and each one of them is a person as defined in 15 U.S.C. §1681a (b) and California Civil Code §1785.3(j).
26. Plaintiff is informed and believes and on that basis

alleges that Defendants and each one of them is responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this Complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a. Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this Complaint;

b. Said Officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c. Said Officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d. Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e. Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f. Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharged the said agents, servants, employees and/or joint venturers of Defendants,

even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants.

27. Defendants and each one of them is liable to Plaintiff for the relief prayed for in this Complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants was expressly authorized or ratified.

## IV. FACTS COMMON TO ALL COUNTS

28. In or around December 2010 Plaintiff conducted a credit review with the three major credit reporting agencies, Experian, Equifax and Transunion, (hereinafter "CRAs") and discovered multiple inaccuracies in her credit file, including the accounts reported by Defendants (hereinafter "accounts"), which Plaintiff does not recognize.

29. On or about December 20, 2010 Plaintiff sent written disputes of the accounts to Defendants directly, requesting verification of ownership and accuracy of the accounts as reported with the CRAs.

30. Upon receipt of Plaintiff's dispute and during the verification period, Defendants continued to report the disputed accounts to the CRAs, without notice of Plaintiff's dispute. Defendants failed to investigate properly or at all the accounts reported with the CRAs and failed to provide timely and adequate response to Plaintiff's dispute.

31. On or about February 14, 2011 Plaintiff contacted the CRAs directly with dispute of the unknown accounts reported by Defendants, per FCRA [15 U.S.C. §1681s-2(b)].

32. On or about February 14, 2011, following her credit bureau

disputes, Plaintiff also sent a second round of requests to Defendants for proper handling of her dispute, including an adequate verification or otherwise deletion of the disputed accounts.

33. Defendants again failed to answer back to Plaintiff with appropriate proof of investigation and verification of the information in dispute and failed to take corrective action. In the interim, CRAs claimed to have verified the disputed accounts with each respective Defendant as accurate.

34. On multiple future occasions since her disputes Plaintiff sent Defendants further notices of their violations with respect to the reporting of the unverified accounts. Plaintiff's communication was sent in an effort to get Defendants' cooperation and resolve the situation amicably.

35. To date, after multiple correspondences, Defendants still continue to maintain the unverified accounts on Plaintiff's credit records.

36. As a result of Defendants' conduct, Plaintiff has suffered:

a. Actual damages and serious financial harm arising from monetary losses relating to denials to new credit, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges;

b. Out of pocket expenses associated with communicating with Defendants, disputing the credit information, as well as consultation fees paid to attorneys and other professionals to obtain information and advice about consumer rights and furnisher obligations in credit reporting;

c. Emotional distress and mental anguish associated with having derogatory credit information transmitted about Plaintiff to other people both known and unknown;

d. Decreased credit score and creditworthiness, which may result in inability to obtain credit, employment or housing on future attempts.

## COUNT I
## Violations of FCRA

37. Plaintiff repeats and reincorporates by reference all preceding paragraphs as though alleged in full in this cause of action.

38. Defendants knowingly and willfully violated the FCRA. Defendants' violations include, but are not limited to the following act performed:

a. Failing to provide accurate information to the CRAs, per 15 U.S.C. §1681s-2 (a);

b. Failing to inform Plaintiff about the reporting of negative information to her credit report, prior to or within five(5) days of furnishing a negative credit item to the CRAs, per 15 U.S.C. §1681s-2 (a)(7)(A);

c. Failing to honor their obligations to investigate a dispute concerning the accuracy of information contained in consumer report, upon the consumers express request, per 15 U.S.C. §1681s-2 (a)(8)(A).

d. Failing to conduct proper investigation of disputed information upon receipt of Plaintiff's dispute, as described in 15 U.S.C. §1681s-2 (a)(8)(E) and 15 U.S.C. §1681s-2 (b);

e. Failing to cease credit reporting on disputed accounts upon receipt of consumer dispute and during the investigation period and failing to provide notice of Plaintiff's dispute to CRAs along with their reporting of the account in

dispute, per 15 U.S.C. §1681s-2 (a)(3);

f. Failing to delete or permanently block the reporting of the item of information (the accounts) disputed by Plaintiff, which were not and/or could not be verified after the reinvestigation, per 15 U.S.C. §1681s-2 (b)(1)(E);

g. Failing to take proper action of verification, correction, deletion, or permanent block of the information disputed by Plaintiff by the deadline, as described in 15 U.S.C. §1681s-2 (b)(2).

## COUNT II
### Violations of CCRAA

39. Plaintiff repeats and reincorporates by reference all preceding paragraphs as though alleged in full in this cause of action.

40. Defendants knowingly and willfully violated CCRAA. Defendants' violations include, but are not limited to the following act performed:

a. Submitting negative credit information, as that described in California Civil Code §1785.26(a)(2), to Plaintiff's credit report with the CRAs, without notifying the Plaintiff, per California Civil Code §1785.26(b);

b. Failing to conduct proper investigation and review of all relevant information with respect to Plaintiff's dispute, per California Civil Code §1785.25(f);

c. Continuing to report the disputed information to the CRAs, upon receipt of Plaintiff's dispute and during the investigation period, without notice that the accounts have been disputed by Plaintiff, per California Civil Code

§1785.25(c);

## V. PRAYER FOR RELIEF

41. Plaintiff contends that the Defendants' actions constituted willful disregard and violations of the Fair Credit Reporting Act and Consumer Credit Reporting Agencies Act.

42. WHEREFORE, Plaintiff requests judgment to be entered in her favor and against the Defendants for:

a) Actual damages, per 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.31(a)(2)(A);

b) Statutory damages, per 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.19(a);

c) Costs and reasonable attorney's fees, pursuant to 15 U.S.C. §1681n (c) and/or Code of Civil Procedure §490.020;

d) Punitive damages, per 15 U.S.C. §1681n (a)(2) and Cal. Civ. Code §1785.31(a)(2)(B), as the court may allow;

e) Injunctive relief, per Cal. Civ. Code §1785.31(b), ordering Defendants to delete the reporting of the unverified accounts;

f) Declaratory relief, which is available pursuant to 28 U.S.C. §2201 and §2202;

g) Any other relief as this Honorable Court deems appropriate.

DATED: January 23, 2012          Respectfully submitted,

By: _____
    GAYANE A. YEPREMYAN,
    Plaintiff in Pro Se

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

**CV12- 725 SVW (JEMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
GAYANE A YEPREMYAN
555 W DRYDEN ST APT 8
GLENDLAE, CA 91202
EMAIL: YEPREMYANG@YAHOO.COM

FOR OFFICE USE ONLY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

GAYANE YEPREMYAN, an Individual
                                    PLAINTIFF(S)

v.

CITIBANK (See attached for additional Defendants

DEFENDANT(S).

CASE NUMBER

CV12-725-SVW(JEMx)

SUMMONS

TO: DEFENDANT(S): CITIBANK, CHASE BANK USA, HSBC BANK, MACY'S CORPORATE, NORDSTROM INC, USBANK, WELLS FARGO BANK

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __GAYANE A YEPREMYAN__, whose address is __555 W DRYDEN ST APT 8 GLENDALE, CA 91202__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: 1-31-12

Clerk, U.S. District Court

By: _____
    Deputy Clerk

(Seal of the Court)
SEAL
CHRIS SAWYER

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

1  GAYANE A. YEPREMYAN, PLAINTIFF IN PRO SE
   555 W DRYDEN APT 8
2  GLENDALE, CA 91202

3  YEPREMYANG@YAHOO.COM

               UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA

| GAYANE A. YEPREMYAN, an individual,<br>      **Plaintiff,**<br>   vs.<br>CITIBANK<br>CHASE BANK USA<br>HSBC BANK<br>MACYS CORPORATE SERVICES, INC.<br>NORDSTROM, INC.<br>US BANK<br>WELLS FARGO BANK<br>      **Defendants.** | CASE No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT;<br>2) VIOLATIONS OF CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT;<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff GAYANE A. YEPREMYAN (hereinafter "Plaintiff") on behalf of herself brings her Complaint against the above identified Defendants for violations of Federal and State consumer protection laws, specifically the Fair Credit Reporting Act [15 U.S.C. §1681 et seq.] ("FCRA") and California's Consumer Credit Reporting Agencies Act [California Civil Code §1785.2 et seq.] ("CCRAA"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial

COMPLAINT FOR DAMAGES- 1

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)
GAYANE A YEPREMYAN

**DEFENDANTS**
CITIBANK, CHASE BANK USA, HSBC BANK, MACY CORPORATE
NORDSTROM INC, USBANK, WELLS FARGO BANK

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

GAYANE YEPREMYAN: EMAIL: YEPREMYANG@YAHOO.COM
555 W DRYDEN ST APT 8
GLENDALE, CA 91202

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ Not Yet Asserted

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. Section 1681, California Civil Code Section 1785

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☑ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS - PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

CV12-725 SVW (JEMx)

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date 01/26/2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |